### 21872

John F. GIVENS, Appellant, v. STEEL STRUCTURES, INC. and The Maryland, Respondents.

(301 S. E. (2d) 545)

*James A. Stuckey* and *Lawrence C. Kobrovsky*, Charleston, *for appellant.*

*Sinkler, Gibbs & Simons*, Charleston, *for respondents.*

March 8, 1983.

LEWIS, Chief Justice:

This appeal is from an order of the Circuit Court dismissing appellant's claim for benefits under the Workmen's Compensation Act. We affirm.

In November 1976, while employed by Stark Rubber Company, Inc., appellant sustained an injury to his lower back. He was awarded workmen's compensation benefits in a substantial amount for this injury and the resulting permanent partial disability. In January 1978, less than one month after final settlement of this claim, the appellant applied for and received employment from the respondent, Steel Structures. On his job application he knowingly and wilfully made false representation that he had no physical defects or prior injuries. Furthermore, the respondent relied upon this false representation in hiring appellant. These facts are not disputed.

In June 1978, appellant received an injury to his back while working for Steel Structures and subsequently filed a claim for benefits under the Workmen's Compensation Act. The single hearing commissioner dismissed the claim. On appeal by the claimant to the full Industrial Commission, the ruling was reversed on the basis that no causal connection existed between the first and second injuries. Subsequently on appeal by the respondent, the Circuit Court dismissed the claim.

In *Chavis v. Watkins*, 256 S. C. 30, 180 S. E. (2d) 648, we held that the relationship of employment was a jurisdictional issue for purposes of workmen's compensation benefits and that our review would be governed by the preponderance of the evidence. Subsequently, we ruled in *Cooper v. McDevitt & Street Co.*, 260 S. C. 463, 196 S. E. (2d) 833, that the relationship would be vitiated where false statements were made on a job application in the presence of three factors: (1) knowing and wilful nature of the false representation as to physical

condition; (2) reliance by the employer upon the false representation as a substantial factor in the hiring; (3) causal connection between the false representation and the injury. This appeal turns upon the third and final element.

We are satisfied that the record in this case amply sustains the finding of a causal connection between the two injuries. The claimant himself testified that the same part of his back had been the point of both injuries. Expert medical testimony clearly indicated that claimant's condition was one of disc degeneration reflecting the cumulative effect of successive injuries. The only reasonable inference to be drawn from this record was that a causal connection had been established sufficient for the purposes of *Cooper v. McDevitt & Street Co.*, *supra*. The trial court correctly dismissed this claim, and we accordingly affirm.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.