LEACH v DETROIT HEALTH CORPORATION

Docket No. 92849. Submitted November 7, 1986, at Detroit. Decided
    December 1, 1986. Leave to appeal applied for.

    Plaintiff, James E. Leach, sought workers' compensation benefits
    from Detroit Health Corporation and its workers' compensation
    insurer, Great American Insurance Company, and from Chrys-
    ler Corporation. The facts indicate that plaintiff injured his
    lower back in 1976 when employed by Detroit Health Corpora-
    tion. He returned to work and in 1977 applied for employment
    with Chrysler Corporation. Plaintiff filled out a medical history
    form to be used by Chrysler's plant physician to assist him in
    evaluating the plaintiff's physical condition for proper place-
    ment by Chrysler's employment department. Plaintiff answered
    "no" to the question: "Have you ever had or have you
    now . . . spine or back trouble or injury?" Plaintiff was hired
    as a machine repairman. On July 22, 1978, plaintiff suffered an
    injury when an object weighing approximately twenty-two
    pounds fell and struck him on the head. Plaintiff alleged that
    he injured his head and lower back when struck by the object.
    A hearing referee determined that plaintiff had recovered from
    the back injury which he received while employed at Detroit
    Health Corporation. The hearing referee also found that plain-
    tiff had sustained the burden of proving that he had sustained
    a work-related disabling back injury while employed by Chrys-
    ler. Chrysler filed a claim for review with the Workers' Com-
    pensation Appeal Board which held that plaintiff had demon-
    strated by a preponderance of the evidence that his employ-
    ment with Chrysler aggravated his back condition. The WCAB
    also found that plaintiff's back disability was not an occupa-
    tional disease and plaintiff was therefore not barred from
    receiving compensation. Chrysler appeals alleging error in the
    WCAB's failure to consider whether plaintiff's fraudulent mis-
    representation as to his physical condition in the employment

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 333, 630 *et seq.*
See the annotations in the Index to Annotations under Workers'
    Compensation.

application is a bar to compensation in an injury aggravation case.

The Court of Appeals *held:*

1. MCL 418.431; MSA 17.237(431) does not bar the recovery of compensation by plaintiff since his disability resulted from a single-event injury, not an occupational disease.

2. The Court of Appeals declined to rule on the question whether an estoppel-like theory may be asserted in order to bar recovery in employment application misrepresentation cases. The Court determined that it need not resolve this issue because the record does not support the finding of an equitable bar even if the Court assumes that the theory is viable. There is no evidence to indicate any reliance upon the misrepresentation by Chrysler.

3. The Court of Appeals also noted that plaintiff's physical condition did not contribute to the occurrence of the accident, nor is there evidence to indicate that plaintiff's disability arose out of a reasonably foreseeable accident.

Affirmed.

1. WORKERS' COMPENSATION — APPEAL — CONSTITUTIONAL LAW.

The Court of Appeals, in reviewing a final order of the Workers' Compensation Appeal Board, must review questions of law involved in the final order, determine whether there is any fraud associated with the findings of fact made by the board, and determine whether there is any evidence in the record to support the findings of fact made by the board (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — PREEXISTING CONDITION — OCCUPATIONAL DISEASE — NONDISCLOSURE.

Recovery of workers' compensation benefits is precluded under the Workers' Disability Compensation Act for wilful failure to disclose to an employer a preexisting occupational disease; the act does not bar the recovery of compensation where the employee's disability resulted from a single-event injury (MCL 418.431; MSA 17.237[431]).

*Frank K. Penirian, Jr.,* and *William R. Stack-poole,* of counsel, for plaintiff.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for defendant Chrysler Corporation.

Before: HOOD, P.J., and T. M. BURNS and J. X. THEILER,* JJ.

PER CURIAM. In this case we are asked to determine whether the Workers' Compensation Appeal Board erred by failing to consider whether an employee's fraudulent misrepresentation as to his physical condition in an employment application is a bar to compensation in an injury aggravation case. We initially denied defendant Chrysler Corporation's (hereafter defendant) application for leave to appeal. However, defendant thereafter filed for leave to appeal to the Supreme Court, and the Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted. 424 Mich 862 (1986). We were also directed, if possible, to consider this case together with *Thompson v Michigan Bell Telephone Co,* Docket No. 90769, rem'd as on lv gtd 424 Mich 881 (1986), which we also decide this day. We affirm the WCAB's award of compensation in this case.

### FACTS

Plaintiff suffered an injury to his lower back in 1976 when he was employed by defendant Detroit Health Corporation as a maintenance man. Although plaintiff continued to have some back and leg pain, plaintiff returned to work at Detroit Health Corporation where he worked for another two months. He thereafter was employed by another company for almost a year. In 1977, plaintiff applied for employment with defendant Chrysler Corporation. He was still experiencing pain in his back and legs at the time. On July 14, 1977, plaintiff filled out a "self-administered Medical

---

* Circuit judge, sitting on the Court of Appeals by assignment.

History" form provided by the defendant's medical department. Language on the form indicated that the information supplied by the applicant was to be used by the plant physician to assist him in evaluating the applicant's physical condition for proper placement by defendant's employment department. Among the questions contained on the form was the following: "Have you ever had or have you now . . . spine or back trouble or injury?" Plaintiff checked the box in the "No" column in response to that question.

Plaintiff was hired by defendant as a machine repairmen and was required to maintain production and nonproduction machines in one of defendant's plants. Plaintiff indicated that during his Chrysler employment he was able to perform his duties as a machine repairman. On July 22, 1978, plaintiff suffered an injury when an object weighing approximately twenty-two pounds fell and struck him on the head. As a result, plaintiff received ten stitches and was provided with pain medication. He alleged that he could not sleep that night because of pain in his back and leg. Plaintiff was eventually hospitalized with his last day of work being October 12, 1979. In seeking workers' compensation benefits, plaintiff alleged that he injured his head and lower back when he was struck by the object. The nature of his disability was described as a lower back ruptured disc. He alleged that work for Chrysler caused, aggravated or precipitated his lower back condition.

After hearing plaintiff's testimony and being provided with medical testimony and other evidence, the hearing officer determined that plaintiff had recovered from the back injury which he received while employed at Detroit Health Corporation. The hearing officer also found that plaintiff had sustained the burden of proving that he had

sustained a work-related disabling back injury while employed by Chrysler. Defendant thereafter filed a claim for review with the WCAB. At that time, defendant argued that plaintiff should be barred from recovering benefits. Defendant asserted that plaintiff had knowingly and willfully made a false representation in regard to his medical history which was relied upon by defendant, which was a substantial factor in hiring him, and which had a causal connection to his injury. The WCAB specifically found that plaintiff had demonstrated by a preponderance of the evidence that his employment with defendant Chrysler aggravated his back condition. The WCAB also found that plaintiff's back disability was not an occupational disease and plaintiff was therefore not barred from receiving compensation by MCL 418.431; MSA 17.237(431).

### STANDARD OF REVIEW

This Court must review questions of law involved in any final order of the WCAB, determine whether there is any fraud associated with the findings of fact made by the WCAB, and determine whether there is any evidence in the record to support the findings of fact made by the WCAB. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861); *Kostamo v Marquette Iron Mining Co,* 405 Mich 105, 135-136; 274 NW2d 411 (1979); *Aquilina v General Motors Corp,* 403 Mich 206, 213; 267 NW2d 923 (1978).

### ANALYSIS

MCL 418.431; MSA 17.237(431) states in part:

No compensation shall be payable for an *occupa-*

*tional disease* if the employee at the time of entering into the employment of the employer by whom the compensation would otherwise be payable, or thereafter, wilfully and falsely represents in writing that he has not previously suffered from the *disease* which is the cause of the disability or death.

In *Dressler v Grand Rapids Die Casting Corp,* 402 Mich 243; 262 NW2d 629 (1978), the Supreme Court determined that this statutory provision precludes the recovery of compensation only when there has been willful nondisclosure of an occupational disease. Because plaintiff's disability resulted from a single-event injury, the statute does not bar recovery of compensation.

For this reason, defendant has asserted that plaintiff's claim is barred by an estoppel-like theory. We reject defendant's argument that the WCAB committed reversible error by failing to address defendant's "estoppel" argument and by failing to determine that plaintiff was barred from recovery in this case.

A theory similar to defendant's was espoused by the dissent in *Dressler, supra.* It is unclear whether the *Dressler* majority rejected this theory or whether it confined its opinion solely to the question of whether the statute permitted the employer to avoid compensation payments. Thus, such a theory may still be viable in appropriate cases. However, we specifically decline to rule on the question of whether an estoppel-like theory may be asserted in order to bar recovery in employment application misrepresentation cases. We need not resolve this issue because the record does not support the finding of an equitable bar even if we assume that the theory is viable.

The *Dressler* dissenters would have adopted a rule referred to by Professor Larson in his treatise

on Workmen's Compensation Law. Professor Larson states that in other jurisdictions a rule seems to be emerging which is "made up of a melange of contract, causation, and estoppel ingredients." According to Larson, the following factors must be present before a false statement in an employment application will bar benefits:

> (1) The employee must have knowingly and wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury. [1B Larson, Workmen's Compensation Law, § 47.53, pp 8-201—8-202.]

Assuming that a rule based on this model would be available in this jurisdiction, such a rule would not act as a bar in this case. The second factor mentioned above refers to an employer's reliance. In order for there to be an equitable bar, the employer must have relied on the misleading information about the potential employee's physical condition. That is, the evidence must show that if the correct information had been given, the employer would justifiably not have hired the person, or would have hired the person but would have hired him or her to perform a different job in pursuit of which the employee would not likely have received a disabling injury. In this case, there is no evidence to indicate any reliance on behalf of the employer. There was no testimony that any of the employer's agents who were responsible for hiring or placement reviewed the self-administered medical history form when making a hiring or placement decision. There is also no evidence to indicate that even if they had reviewed the form,

they would not have hired plaintiff or would have altered their placement decision. In the absence of any evidence showing reliance, plaintiff's claim could not have been barred.

We also believe that if an estoppel-like theory is to be viable, the evidence in regard to the third factor must show more than a simple "but-for" causal relationship between the concealed condition and the eventual accident or resultant disability. We also believe that the evidence must show that the condition is more than simply *a* proximate cause of the accident or resultant disability. Because the Workers' Disability Compensation Act is remedial in nature, its benefits should not be lightly set aside. Application of standard causation principles in this context would lead to inequitable results.

The required showing will differ depending upon the nature of the case. There are at least two types of cases which could arise, i.e., one in which the employee's preexisting physical condition contributes to an accident which results in a disabling injury other than an aggravation of the preexisting condition, and one in which the employee's condition adds to the extent of the injury which otherwise would be sustained by the employee.

In a case where the employee's condition contributed to a work-related accident, we believe that the evidence must show both: (1) that the preexisting condition significantly contributed to the occurrence of the accident, and (2) that the employee's preexisting condition substantially increased the risk of the type of accident which occurred. In this case, the employee's physical condition did not contribute to the occurrence of the accident. The fact that plaintiff may have had a bad back did not in any manner cause the object to fall on his head.

In a case where an employee's preexisting condition is aggravated to the point of a disability by an independent occurrence, we believe that the evidence must show both: (1) that the employee's disability arose out of a reasonable foreseeable accident or job-related activity which in and of itself, in the absence of a preexisting condition, would not have caused the employee to become disabled, and (2) that the employee's preexisting condition substantially increased the risk that the employee would become disabled from a reasonably foreseeable accident or job-related activity. In this case, there was no evidence to indicate that the employee's disability arose out of a reasonably foreseeable accident. There was no evidence to indicate that it was reasonably foreseeable that machine repairmen would be struck on the head by falling objects.

We again wish to note that we do not decide whether an estoppel-like theory is actually viable and may be used to bar benefits. Rather, we simply hold that such a theory would be of no avail to defendant in this case.

The decision of the WCAB is therefore affirmed.