## 23879

Jerry Ray VINES, Respondent v. CHAMPION BUILDING PRODUCTS, Employer, and Aetna Casualty & Surety Company, Carrier, Appellants.

(431 S.E. (2d) 585)

Supreme Court

*Weldon R. Johnson* and *R. Lewis Johnson,* both of *Barnes, Alford, Stork & Johnson,* Columbia, *for appellants.*

*G. William Thomason* of *Callison, Dorn, Thomason, Garrett & McCravey, P.A.,* Greenwood, *for respondent.*

Heard March 11, 1993; Decided June 21, 1993.

Reh. Den. July 13, 1993.

TOAL, Justice:

In this workers' compensation case, the employer sought to avoid liability by having the employment relationship vitiated on the ground that the employee fraudulently denied any previous back injury. The Workers' Compensation Commission rejected the employer's defense and awarded benefits. The circuit court affirmed. The employer appeals. We find the em-

ployer failed to establish the necessary causal relationship between the misrepresentation and the injury, and affirm the award.

## FACTS

Jerry Ray Vines ("Vines") first injured his back in 1982 or 1983. Surgery was performed on the disc between his fourth and fifth lumbar vertebrae at that time. Vines made a full recovery and continued to work for several years after his back surgery doing heavy labor including lifting.

In 1987, Vines applied for a position as green-end supervisor for Champion Building Products (hereinafter "Champion"). When questioned by the nurse at Champion, Vines denied a history of back injury, surgery, or treatment with x-rays. Vines was hired and worked for Champion for a year and a half. His position involved supervising the process of taking a log from its rough state through a debarker, sawing it into logs, dropping the logs into a vat of hot water, and then projecting the logs onto a core chain that took them to a lathe where they were peeled into veneer sheets. On June 30, 1988, Vines was attempting to free a pile of logs that had become jammed on the core chain. Vines stuck a pickaxe into one of the logs and attempted to pull on the axe to dislodge the jammed log. The axe slipped loose from the log, causing Vines to twist around, fall backwards, and strike his back on a control panel and then on a handrail. Vines sustained another serious injury to his back in the area between the fourth and fifth vertebrae that required several surgeries.

Vines thereafter sought workers' compensation benefits from Champion. Champion denied liability on the ground that Vines intentionally misrepresented the existence of his previous injury on his employment application and asserted that the employment relationship was vitiated under *Cooper v. McDevitt & Street*, 260 S.C. 463, 196 S.E. (2d) 833 (1973). The Single Commissioner awarded benefits. The Full Commission and the circuit court affirmed the award. Champion appeals to this Court maintaining that the Commission erred in failing to declare the employment relationship void because of Vines' misrepresentations.

## LAW/ANALYSIS

In *Cooper v. McDevitt & Street,* we held the following factors must be present before a false statement in an employment application will bar workers' compensation benefits: (1) the employee must have knowingly and wilfully made a false representation as to his or her physical condition, (2) the employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring, and (3) there must have been a causal connection between the false representation and the injury. *Id.* at 468, 196 S.E. (2d) at 835. All factors must be present for the employer to avoid paying benefits. *Id.*

The employee relationship is a jurisdictional issue for the purposes of workers' compensation benefits and thus, our review is governed by the preponderance of the evidence standard. *Givens v. Steel Structures, Inc.,* 279 S.C. 12, 301 S.E. (2d) 545 (1983). Based upon our own review of the facts, we find Champion failed to sufficiently establish the third factor, causation. There is no evidence Vines' previous injury contributed to the occurrence of the accident. Additionally, although there was evidence indicating Vines was predisposed to back injuries because of his previous injury and surgery, Vines' physician testified the accident alone without any prior injury would have been sufficient to cause an injury of this nature. Accordingly, Champion failed to prove a causal connection between the misrepresentation and the injury. *Accord Leach v. Detroit Health Corp.,* 156 Mich. App. 441, 402 N.W. (2d) 38 (1986). In this respect, this case is distinguishable from *Givens* in which we found the claimant's condition was one of disc degeneration reflecting the cumulative effect of successive injuries. *Givens,* 279 S.C. at 14, 301 S.E. (2d) at 547. Accordingly, we affirm the Commission's award of benefits.

Vines argues, as an additional sustaining ground, that *Cooper v. McDevitt & Street* is no longer applicable because of amendments to the Second Injury Fund. Although not necessary to our affirmance, we address the issue here. The Second Injury Fund provides for partial reimbursement to the employer for injuries resulting from a preexisting physical impairment. S.C. Code Ann. §§ 42-7-310, 42-9-400 and 410 (Supp. 1992 & 1985). At the time this Court decided

*Cooper v. McDevitt & Street,* reimbursement under the Second Injury Fund statute required the employer to have knowledge of the physical impairment when the employee was hired or when the employee was retained in employment after the employer acquired such knowledge. 1972 S.C. Acts 1390, at 2578. In 1974, the Second Injury Fund was amended to allow reimbursement if the employer was unaware of the preexisting condition because of concealment by the employee. 1974 S.C. Acts 1049, at 2237. Vines argues this amendment renders the law declared in *Cooper v. McDevitt & Street* no longer viable. We disagree. This argument rests on the assumption that the Court in *Cooper v. McDevitt & Street* relied upon the then-existing Second Injury Fund requirements for its ruling. The Second Injury Fund legislation, although in place at the time of the *Cooper v. McDevitt & Street* decision, was not applicable to the litigants in *Cooper v. McDevitt & Street* as it was enacted after the second injury occurred. Furthermore, it is clear from the opinion and the dissent that the Second Injury Fund was not a basis for the *Cooper v. McDevitt & Street* ruling. The Second Injury Fund still will provide reimbursement to employers who are unable to prove the concealment was willful or reliance on the misrepresentation. Accordingly, we reject this argument.

The order of the circuit court affirming the award of benefits by the Full Commission is AFFIRMED.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.