2106

Kathy F. WILBANKS, Employee, Respondent v. KENTUCKY FRIED CHICKEN/HOLT INDUSTRIES, Employer, and Home Insurance Company, Carrier, Appellants.

(439 S.E. (2d) 300)

Court of Appeals

*James J. Reid,* Greenville, *for appellants.*

*Steven D. Haymond,* of *Harris & Graves,* Columbia, *for respondent.*

Submitted Nov. 1, 1993.

Decided Dec. 13, 1993.

CONNOR, Judge:

In this workers' compensation case, Kathy F. Wilbanks sought compensation benefits for an injury to her back allegedly sustained during the course of her employment at Kentucky Fried Chicken (KFC). The Workers' Compensation Commission affirmed the decision of the single commissioner, who found Wilbanks sustained a compensable injury and awarded her weekly compensation and medical expenses. The circuit court affirmed the Commission. KFC appeals. We affirm.

## FACTS

Wilbanks had a series of injuries to her lower back, dating as far back as 1974, including a major employment-related injury in 1985 in Ohio. The Commission there awarded her benefits for two to three years, as well as a 27 percent impairment rating to her back.

After returning to South Carolina in 1986, Wilbanks continued to suffer back pain and remained on medication. She returned to work in 2987, taking a number of different jobs, including positions as cashier, waitress, and salesperson. She quit working in May 1990 to care for her mother. After her mother's death in 1990, Wilbanks was hired at KFC. Wilbanks

indicated on her application she was seeking a cashier's position, and checked "No" in response to the question, "Do you have any physical disability which would limit your ability to perform the job for which you are applying?"

Wilbanks explained at the hearing that she did not inform KFC of her back problems because she did not feel it would affect her ability to perform the job for which she applied at KFC. She reinjured her back December 13, 1990, just after beginning her shift. As she was pulling a cart out of the cooler, a container on the cart slipped, and she twisted her back as she reached for it, "[feeling] as if a balloon of hot water had burst in [her] back." Other employees heard her yell. She immediately went to the hospital. The doctor ordered her not to return to KFC. Although she later worked for two weeks at a car dealership, she had to quit because of pain in her legs and back. The circumstances of the accident were corroborated by her co-workers, and she introduced the Emergency Room Record and a doctor's report to support her claim. Wilbanks continues on medication, and describes her pain as worse than she experienced from her previous back injuries.

The commissioner found KFC did not specifically ask Wilbanks about prior injuries. He also held because Wilbanks injured her back while employed and gave timely notice of the injury to her employer, she was entitled to compensation benefits for her continuing disability.

## DISCUSSION

We must affirm the Commission's finding that Wilbanks' injury resulted from an accident arising out of and in the course of her employment if that finding is supported by substantial evidence. *See Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 276 S.E. (2d) 304, (1981) (award of Commission should not be set aside if supported by "substantial evidence" or evidence which, considering the record as a whole, would allow reasonable minds to reach the same conclusion); *see also* S.C. Code Ann. § 42-1-160 (1985) (recovery under workers' compensation act requires "injury by accident arising out of and in the course of the employment").

On appeal, KFC argues there was not substantial evidence to support findings that Wilbanks sustained an injury which was causally related to an accident aris-

ing out of her employment. Although KFC exposed a considerable history of back injury and prior compensation claims by Wilbanks, "[w]hether a claimant's condition was accelerated or aggravated by an accidental injury is a factual matter for the Commission, and its findings of fact based on conflicting evidence may not be set aside." *Owings v. Anderson County Sheriff's Department,* — S.C. —, 433 S.E. (2d) 869 (1993). Accordingly, we affirm the Commission and the trial judge.

KFC also argues Wilbanks made false representations on her application, which, under *Givens v. Steel Structures, Inc.,* 279 S.C. 12, 301 S.E. (2d) 545 (1983), would preclude her from receiving benefits under the Workers' Compensation Act. In *Givens,* the Supreme Court held that an employee who made false statements on his job application could not recover if, under the preponderance of the evidence: (1) the statement was made knowingly and wilfully concerning a physical condition; (2) the statement was relied upon by the employer in hiring the employee; and (3) there was a causal connection between the false representation and injury. *Id.* This analysis does not apply in the case of an employee who fails to reveal a condition to his prospective employer. *Ferguson v. R.F. Moore Construction Co.,* 298 S.C. 457, 381 S.E. (2d) 496 (Ct. App. 1989) (applicant for construction job had no affirmative duty to disclose prior back injury).

The language on the application did not require disclosure of all health problems, only disclosure of "any physical disability which would limit [Wilbanks'] ability to perform the job for which [she was] applying." In this case, the commissioner determined Wilbanks did not make a false statement. Here the commissioner's finding is supported by substantial evidence.

Therefore, the order of the trial court is hereby affirmed.

Affirmed.

SHAW and BELL, JJ., concur.