713 S.E.2d 347

**George RABON, Respondent,**

v.

**ARROW EXTERMINATING, INC., and Twin City Fire Insurance Co., Appellants.**

**No. 4849.**

Court of Appeals of South Carolina.

Submitted April 1, 2011.

Decided July 6, 2011.

Richard Daniel Addison, of Columbia, for Appellants.

Stephen H. Cook and John K. Koon, of Columbia, for Respondent.

SHORT, J.

Arrow Exterminating, Inc. (Arrow) and Twin City Fire Insurance Co. (collectively, Appellants) appeal from the circuit court's order reversing the Appellate Panel and finding that George Rabon was an employee of Arrow and suffered a compensable injury. Appellants argue the court erred in reversing the Appellate Panel because Rabon made a material misrepresentation in his employment application, which vitiated his employment contract with Arrow and barred him from workers' compensation benefits. We affirm.[1]

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

## FACTS

Rabon was working for Arrow as a carpenter on December 28, 2006, when he fell approximately six to ten feet from his ladder, injuring his neck, back, and ribs, and resulting in numbness and weakness in his left leg. On January 17, 2007, Rabon filed a Form 50, requesting that a hearing be set to determine whether he was entitled to medical examination, treatment for neurosurgery and follow-up care, and temporary total disability benefits from December 28, 2006, and continuing to maximum medical improvement (MMI) as a result of the alleged injury. Arrow timely filed its Form 51, answering Rabon's request and denying he was injured in the scope of his employment with the company. Arrow also raised all special and affirmative defenses available under the S.C. Workers' Compensation Act, and the defense enunciated in *Cooper v. McDevitt & Street Co.*, 260 S.C. 463, 468, 196 S.E.2d 833, 835 (1973), regarding a material false statement made in a job application.

A hearing on the matter was set for April 10, 2007; however, prior to the commencement of the hearing, Arrow moved for postponement, requesting more time to obtain all of Rabon's medical records, records pertaining to Rabon's prior disability award from the Workers' Compensation Commission, and the deposition of Dr. Byron Bailey. The Commissioner found Arrow had established good cause to postpone the hearing and set the hearing for a later date. The Commissioner heard the case on June 26, 2007. The next day, the Commissioner filed his order, finding: (1) there was no evidence that Rabon knowingly and willfully made a false representation regarding his physical condition and Arrow admitted Rabon was physically able to do any job given to him in an exemplary manner; (2) there was no material misrepresentation by Rabon that led to Rabon's injury on December 28, 2006; (3) Rabon could not have materially misrepresented his past injuries to Arrow if Arrow never inquired as to whether he had any past injuries; (4) Arrow did not materially rely on Rabon's physical ability as the primary purpose for hiring, but rather relied on the skills he possessed as a carpenter when he applied for the job; (5) Rabon was entitled to temporary total benefits; (6) Arrow was required to pay past due and continuing temporary total benefits until Rabon reaches MMI; and

(7) Arrow was to pay all medical bills for Rabon's neck surgery and all future medical care.

Arrow appealed the case to the Appellate Panel of the Workers' Compensation Commission, and on January 17, 2008, the panel issued its order reversing the order of the Single Commissioner. The Appellate Panel found Rabon sustained an injury by accident and the employee-employer relationship existed at the time of the injury; however, it found the injury was not compensable because Rabon made a false representation to Arrow as to his physical condition, which induced Arrow to find he was a suitable candidate for the carpenter position. The Panel also found Rabon was not credible, and a causal connection existed between Rabon's false representation and his injury because had he informed Arrow of his condition, Arrow would not have placed him in a position where he could further aggravate his injury. Thus, the Panel found Rabon was not entitled to any workers' compensation benefits.

Rabon appealed the Appellate Panel's decision to the circuit court. After a hearing on the matter, the court filed its order on September 22, 2008, reversing the order of the Appellate Panel. The court held: (1) Rabon did not knowingly or willfully make a false representation as to his physical condition because the application did not ask about Rabon's physical condition or any prior injuries sustained by Rabon, and Arrow's interviewer did not ask Rabon about his physical condition; and (2) Arrow failed to establish a causal connection between Rabon's alleged false representation and his injuries because nothing in the record established that Rabon's pre-existing injuries caused Rabon to fall off the ladder. Therefore, the court determined that because the employment was not induced by fraud and the Appellate Panel found an injury by accident, Rabon was entitled to temporary total benefits and medical benefits as set forth in the Single Commissioner's order. Arrow filed a motion to reconsider, which the circuit court denied on May 22, 2009. This appeal followed.

## STANDARD OF REVIEW

██ The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions

by the Appellate Panel of the Workers' Compensation Commission. *Fredrick v. Wellman, Inc.*, 385 S.C. 8, 15–16, 682 S.E.2d 516, 519 (Ct.App.2009). Under the scope of review established in the APA, this court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact, but may reverse or modify the Appellate Panel's decision if the appellant's substantial rights have been prejudiced because the decision is affected by an error of law or is "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." S.C.Code Ann. § 1–23–380(5) (Supp.2010); *Stone v. Traylor Bros., Inc.*, 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct.App. 2004). Our supreme court has defined substantial evidence as evidence that, in viewing the record as a whole, would allow reasonable minds to reach the same conclusion that the Appellate Panel reached. *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981). "[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Palmetto Alliance, Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984).

Recently, in *Brayboy v. WorkForce*, 383 S.C. 463, 464, 681 S.E.2d 567, 567 (2009), our supreme court determined that when reviewing a case where the employer asserts the employee's concealment of prior injuries vitiated the employment relationship, this court reviews the Appellate Panel's findings on the relationship's existence according to our own view of the preponderance of the evidence. *See Fredrick*, 385 S.C. at 16, 682 S.E.2d at 519–20 (citing *Brayboy* ). "However, even under this broad standard of review, the final determination of witness credibility is usually reserved to the Appellate Panel." *Fredrick*, 385 at 16, 682 S.E.2d at 520.

## LAW/ANALYSIS

■ Appellants argue the circuit court erred in reversing the Appellate Panel's decision because Rabon made a material misrepresentation in his employment application, which vitiated his employment contract with Arrow and barred him from workers' compensation benefits. We disagree.

■ An employee is not entitled to recover workers' compensation benefits if he or she makes a false statement in his or her employment application and the following factors are present: (1) the employee knowingly and willfully made a false representation as to his or her physical condition; (2) the employer relied upon the false representation and this reliance was a substantial factor in the hiring; and (3) there was a causal connection between the false representation and the injury. *Cooper v. McDevitt & St. Co.*, 260 S.C. 463, 468, 196 S.E.2d 833, 835 (1973); *Fredrick v. Wellman, Inc.*, 385 S.C. 8, 20, 682 S.E.2d 516, 522 (Ct.App.2009). All three factors must be present for the employer to avoid paying benefits to the employee. *Vines v. Champion Bldg. Prods.*, 315 S.C. 13, 16, 431 S.E.2d 585, 586 (1993).

In *Brayboy v. WorkForce*, 383 S.C. 463, 464–65, 681 S.E.2d 567, 567–68 (2009), despite having multiple prior back problems, Brayboy answered in the negative to all the questions in the employment application about prior back injuries, physical defects, medical conditions, or previous workers' compensation claims. Our supreme court found WorkForce had established the first factor because Brayboy's false responses were willful, and Brayboy admitted he provided false information on his application. *Id.* at 467, 681 S.E.2d at 569. Also, in *Fredrick*, 385 S.C. at 20–21, 682 S.E.2d at 522, this court found Fredrick knowingly falsified her employment questionnaire as to her prior back problems when she responded "no" to the question "Have you had back trouble of any kind?," and she had previously received significant treatment for lower back pain and a disc herniation.

In contrast, in *Ferguson v. R.F. Moore Construction Co.*, 298 S.C. 457, 461, 381 S.E.2d 496, 499 (Ct.App.1989), this court found that Ferguson's statements to the construction company that he was a good laborer, strong, and able to operate a jackhammer did not mislead the employer because nothing in the record indicated Ferguson believed his statements were not true, and he did not make any representations concerning his back.

Here, on the first page of the application in the lines next to "Subjects of Special Study/Research, Work, or Special Training/Skills," Rabon stated he could do "painting, finishing

sheetrock, tile, trim work, framing, plumbing, heating & air, vinyl siding, roofing, windows, hang doors, run gas line, little bit electric, run my own crew." [2]   The application did not ask Rabon if he had any current or prior injuries.   Chuck Inabinet hired Rabon, and was his direct supervisor.   Inabinet asked Rabon if he could crawl under houses and do carpentry work, and Rabon said he could.   Inabinet did not ask Rabon about his prior injuries, and Rabon did not volunteer to tell him about them.   Rabon did not have an affirmative duty to disclose his prior injuries to Arrow.   *See id.* at 460, 381 S.E.2d at 498–99 (rejecting employer's contention that claimant had an affirmative duty to disclose his prior injury).

Additionally, nothing in Rabon's application was false.   Despite his previous injuries, Rabon was able to do all the jobs assigned to him by Arrow.   Rabon had been working for Arrow for almost a year when he fell in December 2006, and he testified that during that time, he was never given a job he could not do because of his past physical injuries;  he never missed any work because of problems with his neck or back; and he never needed a reassignment or required any special assistance in doing any jobs Arrow gave to him.   Inabinet testified Rabon was physically able to do all the jobs he hired him to do;  he never saw Rabon take any medication to "help him through the day";  and Rabon never had to quit a job because he was having problems with pain or bodily functions. David Clark, the president of Arrow, testified that prior to Rabon's fall, he was doing his work in a normal fashion and was not complaining about being in any pain.   Clark also testified that Rabon was always physically able to do his work. Wesley Byars, who worked with Rabon daily, testified that Rabon was physically able to do the work, and he never heard Rabon say he could not do a job because of pain.

Therefore, because Arrow never asked Rabon if he had any current or prior injuries, and regardless of his injuries, Rabon was physically able to do all the jobs Arrow hired him to do, we find Rabon did not knowingly and willfully make a false representation as to his physical condition.   Consequently,

---

**2.** The parties all agree Rabon is illiterate, Rabon's wife filled out his employment application, and Rabon signed his name.  The application provided in the Record is only one page;  however, at the bottom of the page, it says "Continued on other Side."

because we find Rabon did not knowingly and willfully make a false representation as to his physical condition, we need not address the second and third factors. *See Vines,* 315 S.C. at 16, 431 S.E.2d at 586 (stating all three factors must be present for the employer to avoid paying benefits to the employee); *Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

Appellants also assert the circuit court erred in disregarding the Appellate Panel's finding that Rabon was not credible. However, we need not address this issue because we find Rabon did not knowingly and willfully make a false representation as to his physical condition. *See Futch,* 335 S.C. at 613, 518 S.E.2d at 598 (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

## CONCLUSION

Accordingly, the circuit court's order is

**AFFIRMED.**

HUFF and PIEPER, JJ., concur.