1678

Robert Lee CAPERS, Appellant v. FLAUTT and Mann/Holiday Inn Northeast and Employers Fire Insurance Company, Respondents.

(407 S.E. (2d) 660)

Court of Appeals

*J. Marvin Mullis, Jr.* and *F. David Butler* both of *Law Office of J. Marvin Mullis, Jr.,* Columbia, *for appellant.*

*Charles E. Carpenter, Jr., William H. Hensel* and *Deborah L. Harrison* all of *Richardson, Plowden, Grier & Howser,* Columbia, *for respondents.*

Heard May 14, 1991.

Decided June 24, 1991.

*Per Curiam:*

This is a worker's compensation case in which the employee, Robert Capers, sought benefits for contact dermatitis. Capers worked as a dishwasher at Holiday Inn and his hands were affected by exposure to detergent and water. The single commissioner denied benefits and the Full Commission affirmed. On appeal by Capers, the circuit court affirmed the Full Commission. Capers appeals the decision of the circuit court. Holiday Inn appeals a question related to a deposition. We affirm the decision of the circuit court and dismiss the issue raised by Holiday Inn.

The single commissioner denied benefits to Capers on two grounds. First, he found Capers knowingly and wilfully made a false statement on his employment application which was relied upon by Holiday Inn when Capers was hired. On the application, Capers left blank a question which asked whether he had any impairment which would interfere with his ability to perform the job for which he had applied. Capers applied for a job as a kitchen steward. The evidence indicated he had received medical treatment for contact dermatitis of the hands while previously employed at the NCO Club at Fort Jackson. A compensation claim from that employment was denied. His physician, Dr. Pierre Jaffe, informed Capers's attorney in 1979 that he considered Capers totally disabled from work which involved exposure to soap, detergents, and/or water. Two years later Capers applied for the job at Holiday Inn. As another basis for denying the claim, the single commissioner found Capers did not sustain an accidental injury as contemplated within *S.C. Code Ann.* Section 42-1-160 (1976). He based his decision partly upon the credibility of the witnesses.

The Full Commission affirmed the decision of the single commissioner holding there was no error in the findings of fact and conclusions of law. Capers appealed the Full Commission ruling to the circuit court. The circuit court affirmed the Full Commission finding there was substantial evidence in the record to support the rulings that (1) Capers was barred from any benefits due to his knowing and willful falsification of the employment application, and (2) he did not sustain an injury by accident arising out of and in the course of his employment.

It is not necessary for this court to address the employment application issue because the circuit court alternatively determined Capers did not sustain an accidental injury as contemplated under *S.C. Code Ann.* Section 42-1-160 (1976). Under that section, the terms "injury" and "personal injury" mean injury by accident arising out of and in the course of employment. The word "accident" has been applied by our courts in the workers' compensation context to mean an "unlooked for or untoward event that the injured person did not expect, design or intentionally cause." *Linnen v. Beaufort Co. Sheriff's Dept.,* Op. No. 1659, — S.C. —, — S.E. (2d) —, — (S.C. Ct. App. filed May 13, 1991) (Davis Adv. Sheet No. 12 at 13); *Stokes v. First National Bank,* 298 S.C. 13, 17, 377 S.E. (2d)

922, 924 (Ct. App. 1988); *Yates v. Life Ins. Co. of Georgia*, 291 S.C. 301, 353 S.E. (2d) 297 (Ct. App. 1987).

There is substantial evidence in the record to support the conclusion the contact dermatitis experienced by Capers was not accidental. He had been aware of the situation for several years and had previously left a job due to the same problem caused by exposure to detergents and water. Capers's attorney conceded at oral argument that the contact dermatitis was precipitated by job related activities at both the NCO Club and at Holiday Inn. Therefore, the outbreak of dermatitis was not an unlooked for event which Capers did not expect. It was, in fact, an event which Capers could anticipate given his past experience.

Capers also raises procedural matters which he claims denied him due process. He argues the single commissioner erred in making a decision based upon credibility determinations when the single commissioner did not see all the witnesses testify but instead a deputy commissioner took the testimony at one hearing and reported to the single commissioner. This issue is without merit. First, Capers made no objection when the deputy commissioner indicated he would report his impressions of the witnesses to the single commissioner to assist him in his ruling. Second, the single commissioner had the opportunity in the continued hearing to observe Capers as a witness on reply and to observe the primary witness for Holiday Inn. The commissioner was fully capable of making credibility determinations based upon his own observations, the observations of the deputy commissioner, and his review of the record as a whole including deposition testimony of treating physicians of Capers.

As a second part of his due process argument, Capers asserts he was denied due process because of the length of time it took to have his claim heard and decided. The first hearing before the deputy commissioner was held in April of 1985. Medical witness depositions were taken during 1984, 1985, and 1986. The second hearing before the single commissioner was held in November of 1986. A decision was issued in September 1987.

Capers did not raise an objection before the deputy commissioner or the single commissioner to the manner in which the hearings were bifurcated. The record indicates one problem

was the testimony of a material witness for Holiday Inn. This witness no longer resided in the state. Capers objected to taking this witness's testimony by deposition and obtained an order preventing the deposition. This order was appealed to the Full Commission, circuit court, and South Carolina Supreme Court. The Supreme Court dismissed the appeal as interlocutory. It then became necessary to arrange a date on which the witness could be available for the hearing. While the total time period was lengthy, there was no denial of due process to Capers under the circumstances.

As a final matter in the case, Holiday Inn asserts it ■ should be entitled to recover expenses for the planned deposition of the out of state witness which was prevented by the protective order. Holiday Inn originally appealed the issuance of the order through the appellate channels to the South Carolina Supreme Court. The court dismissed the appeal as interlocutory. While Holiday Inn has now raised the issue by exception and argument in its brief, the appellate record does not indicate Holiday Inn filed a notice of intent to appeal. This court therefore has no jurisdiction to consider the matter. Rule 203(a), SCACR; Sup. Ct. Rule 1, Section 1B.

The decision of the circuit court on the appeal of Capers is affirmed. The appeal of Holiday Inn is dismissed.

Affirmed in part, and dismissed in part.