1815

Lodd Z. HAVIRD, Employee-Claimant, Appellant v. COLUMBIA YMCA, Employer, and Companion Property and Casualty Co., Carrier, Respondents.

(418 S.E. (2d) 329)

Court of Appeals

*Preston F. McDaniel,* and *Isadore E. Lourie,* Columbia, *for appellant.*

*Weldon R. Johnson, L. Elaine Mozingo* and *R. Lewis Johnson,* all of *Barnes, Alford, Stork & Johnson,* Columbia, *for respondents.*

Heard Jan. 22, 1992; Decided May 11, 1992.

Reh. Den. June 24, 1992.

BELL, Judge:

This is a worker's compensation case. Lodd Z. Havird filed a claim seeking total and permanent disability benefits for accidental injury to the vascular system of his legs. The single commissioner denied benefits and a reviewing panel of the full

commission affirmed the order of the single commissioner. Havird appealed to the circuit court, which affirmed the commission's decision. Havird appeals. We affirm.

Havird suffers from varicose veins, a vascular condition in which the valves in his outer leg veins do not function properly. The valves serve to maintain constant fluid pressure throughout the venous system. When they malfunction, pressure in the outer veins of the legs increases and exceeds that in other areas of the venous system. The increased pressure in the legs causes swelling, pain, and damage to the veins and other tissues.

From 1954 until 1987, Havird worked at the Columbia YMCA as a masseur. His employment required him to stand during eighty-five percent of his work day or about seven hours a day. In 1982, he began experiencing painful swelling in his feet and legs. In September, 1984, he went to Dr. Dan Davis, a vascular surgeon, for treatment of the problem. Dr. Davis testified that Havird's condition was so longstanding at that time and there was already so much permanent damage to his legs that the problem could not be cured. However, Davis did perform surgery to strip the damaged veins in an effort to ameliorate Havird's symptoms and decrease the ongoing damage to his legs. He explained to Havird that long periods of standing in one place without much movement are bad for people with varicose veins and that he needed to stay off his feet as much as possible and prop his legs in an elevated position as much as he could. After recovering from the surgery, Havird returned to his normal work routine at the YMCA. He continued to suffer from pain, swelling, and periodic infection in his legs. In September, 1987, these problems led him to retire from his employment.

In his testimony, Dr. Davis stated prolong standing is not the cause of varicose veins. They are a natural condition occurring in the general population. They are found in people who do not engage in prolonged standing as part of their primary occupation. Moreover, Dr. Davis stated that standing did not cause Havird's varicose vein problem. On the other hand, he testified that prolonged standing in a limited area without much moving around is bad for people with varicose veins. He also testified that Havird's job was about as bad for his condition as anything could be.

The nature of his job aggravated his condition and made it worse and made it progress faster than it would if he'd had a job that did not require standing for long periods in a limited area.

Dr. Davis also testified that when he examined Havird in September, 1987, his legs looked about as good as they had ever looked.

The commission found that Havird's varicose veins and their complications were not caused by his employment or by standing for long periods, but that standing with limited physical activity did made his problem worse. It also found that as of October, 1984, Havird knew that standing in his job aggravated his condition. Citing *Richardson v. Wellman Combing Company*, 233 S.C. 454, 105 S.E. (2d) 602 (1958), the commission concluded Havird had not proved "injury by accident."

The sole question presented for our review is whether Havird sustained "injury by accident" within the meaning of the South Carolina Workers' Compensation Act.[1] This is a question of law. *Stokes v. First National Bank*, 298 S.C. 13, 377 S.E. (2d) 922 (Ct. App. 1988), *affirmed*, — S.C. —, 410 S.E. (2d) 248 (1991).

In the *Richardson* case, the worker suffered from varicose veins. He was employed in a textile mill in a job that necessitated his standing most of the time. Prior to his employment with the mill, he suffered no pain from his condition and it did not interfere with his ability to work. After he worked in the mill for some time, his legs commenced to trouble him and "bothered him worse and worse." Eventually, he underwent surgery for the problem and thereafter was unable to do work that required the use of his legs. The medical testimony showed that standing increased the pressure in his veins and was an aggravating factor for his condition. On appeal, the question was whether these facts showed the claimant suffered an "injury by accident." The Supreme Court held that the aggravation of the claimant's condition was a natural result of standing in his job which was not unexpected and did not come suddenly. It was the result of his ordinary working conditions rather than any overexertion or specific happening. For these reasons, the Court concluded there was no injury by accident.

---

[1] S.C. Code Ann. § 42-1-10 *et seq.* (1985).

*Richardson* compels the conclusion that Havird has not suffered an injury by accident within the meaning of the Workers' Compensation Act. His vascular disease was not aggravated by unexpected or excessive exertion in the performance of his duties or by unusual and extraordinary conditions in his employment. *See, DeBruhl v. Kershaw County Sheriff's Dept.,* 303 S.C. 20, 397 S.E. (2d) 782 (Ct. App. 1990) (heart attack resulting from ordinary exertion required in the performance of duties of employment in the ordinary and usual manner without any outward untoward event is not compensable as an injury by accident). The worsening of his varicose veins was the natural and expected result of working in a job that was performed while standing. *See, Capers v. Flautt,* — S.C. —, 407 S.E. (2d) 660 (Ct. App. 1991) (contact dermatitis resulting from dishwasher's exposure to detergents and water in ordinary course of employment was not an unlooked for event and thus not an injury by accident). It is well known that prolonged standing is bad for people with varicose veins. Aggravation of the condition is the natural and expected result of standing in a limited area without much movement. Havird himself knew standing would worsen his condition over time and did his best to reduce further injury to his legs by elevating them when he could. The injury to his legs was real, but it was not injury by accident.

We have deep sympathy for all persons who after years of work find it difficult or impossible to continue their accustomed level of physical activity at their jobs because of progressive health problems. Sadly, many people have little choice but to work in pain and fatigue or else to bring their working lives to a close. Continuing to work often worsens their health. Havird's situation is unfortunate, but it is not uncommon. The Workers' Compensation Law was not intended to remedy this problem. Indeed, law in general is incapable of relieving us from many of the ills common to our human condition. We recognize the hardship of Havird's circumstances; however, we are constrained by law to uphold the decision of the commission.

Affirmed.

GARDNER and CURETON, JJ., concur.