# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Joe A. Osmanski, Employee, Appellant,

v.

Watkins & Shepard Trucking, Inc., Employer, and Zurich North America Insurance Company, Carrier, Defendants,

Of whom Zurich North America Insurance Company, Carrier, is the Respondent.

Appellate Case No. 2011-197087

---

Appeal From The Workers' Compensation Commission

---

Opinion No. 2013-UP-127
Heard February 6, 2013 – Filed March 27, 2013

---

**AFFIRMED**

---

Kevin B. Smith, of the Hoffman Law Firm, of North Charleston, for Appellant.

Jason Lockhart, of McAngus Goudelock & Courie, LLC, of Columbia, for Respondent.

---

**PER CURIAM:** Joe A. Osmanski appeals the decision of the Appellate Panel of the South Carolina Workers' Compensation Commission (Appellate Panel) denying him benefits for his claim arising from an injury to his left arm, arguing the Appellate Panel erred in (1) failing to apply a clear and convincing standard of proof to Watkins & Shepard Trucking, Inc. (WST) and Zurich North American

Insurance Company's (Zurich) defense of fraud in the application, (2) barring Osmanski's claim for fraud in the application, (3) denying Osmanski benefits on the ground that his injury was not accidental, and (4) failing to award Osmanski benefits pursuant to section 42-9-35 of the South Carolina Code (Supp. 2012) for the aggravation of a pre-existing condition. We affirm.

1. As to Osmanski's argument that the Appellate Panel failed to apply a clear and convincing standard of proof to WST and Zurich's defense of fraud in the application, we find no error. Our supreme court has previously applied a preponderance of evidence standard to this defense. *See Brayboy v. WorkForce*, 383 S.C. 463, 568, 681 S.E.2d 567, 466 (2009) (applying a preponderance of the evidence burden of proof to the determination of whether a claimant's employment relationship is to be vitiated based upon fraud in the application). Accordingly, the Appellate Panel did not err in failing to apply a clear and convincing evidence standard to WST and Zurich's fraud in the application defense.

2. As to Osmanski's argument that the Appellate Panel erred in barring Osmanski's claim due to fraud in the application, we find no error. Substantial evidence supported the Appellate Panel's finding that (1) Osmanski made a material misrepresentation regarding a prior injury to his left arm when applying for employment with WST; (2) WST relied upon this misrepresentation when hiring Osmanski; and (3) Osmanski's injury to his left arm giving rise to his claim for benefits was causally related to his misrepresentation. *See* S.C. Code Ann. § 1-23-380 (Supp. 2012) (providing that an appellate court "may not substitute its judgment for the judgment of the [Appellate Panel] as to the weight of the evidence on questions of fact" and must affirm the decision of the Appellate Panel if it is supported by substantial evidence). Specifically, we find substantial evidence indicated that Osmanski previously injured his left arm in an accident, resulting in several surgeries, including a left elbow replacement. Because of this injury, Osmanski's treating physician permanently restricted him to lifting no more than ten to fifteen pounds with his left arm. In addition, evidence indicated Osmanski failed to disclose the prior injury or his restrictions to WST during the application process and that WST relied upon this information when hiring him. Finally, it is undisputed that Osmanski's injury was causally related to the impairments to his left arm resulting from his prior injury. Accordingly, the Appellate Panel did not err in applying the fraud in the application offense to bar Osmanski's claim. *See Brayboy*, 383 S.C. at 467, 681 S.E.2d at 569 ("[A]n employment relationship may be vitiated when there is a material misrepresentation in the employment contract."); *see also Cooper v. McDevitt & St. Co.*, 260 S.C. 463, 468, 196 S.E.2d 833, 835 (1973) (providing that an

employment relationship may be vitiated if (1) the employee knowingly and willfully made a false representation as to his physical condition; (2) the employer relied upon the false representation and the reliance was a substantial factor in the hiring of the employee; and (3) the injury had a causal connection to the false representation).

3.  As to Osmanski's claim that the Appellate Panel erred in denying Osmanski benefits on the ground that his injury was not accidental, we find no error. Substantial evidence supported the Appellate Panel's finding that Osmanski's injury was not unexpected due to the impairments resulting from the prior injury to his left arm.  *See* S.C. Code Ann. § 42-1-160 (Supp. 2012) (defining a compensable injury as one "by accident arising out of and in the course of employment"); *Stokes v. First Nat'l Bank*, 306 S.C. 46, 50, 410 S.E.2d 248, 250 (1991) ("[I]n determining whether something constitutes an 'injury by accident' the focus is not on some specific event, but rather on the injury itself."); *Capers v. Flautt*, 305 S.C. 254, 256, 407 S.E.2d 660, 661 (Ct. App. 1991) ("The word accident has been applied by our courts in the workers' compensation context to mean an unlooked for or untoward event that the injured person did not expect, design or intentionally cause." (internal quotation marks omitted)).  Because Osmanski knew the requirements of the position with WST exceeded the restrictions placed upon him by his treating physician as the result of the prior injury to his left arm, Osmanski's injury was not unexpected and, thus, was not compensable.  *See Capers*, 305 S.C. at 257, 407 S.E.2d at 661-62 (finding that a claimant's contact dermatitis resulting from the performance of his duties as a dishwasher was not accidental when a physician had previously diagnosed the claimant with the condition and declared him totally disabled from work involving exposure to soaps, detergents, and/or water); *Havird v. Columbia YMCA*, 308 S.C. 397, 00, 418 S.E.2d 329, 331 (Ct. App. 1992) (finding substantial evidence supported the Appellate Panel's denial of benefits to a claimant who suffered from varicose veins as the result of prolonged standing because the claimant knew prolonged standing would worsen his condition).

4.  As to Osmanski's claim that the Appellate Panel erred in failing to award Osmanski benefits pursuant to section 42-9-35 of the South Carolina Code (Supp. 2012), we find this argument is not preserved for our review.  *See Robbins v. Walgreens & Broadspire Servs., Inc.*, 375 S.C. 259, 266, 652 S.E.2d 90, 94 (Ct. App. 2007) (holding that an argument not raised to and ruled upon by the Appellate Panel is not preserved for appellate review).

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**