**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert L. Evans, Employee, Appellant,

v.

Aqua Seal Manufacturing & Roofing and Builders Mutual Insurance Company, Respondents.

Appellate Case No. 2018-000922

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2020-UP-194
Submitted May 1, 2020 – Filed June 24, 2020

**AFFIRMED**

Charles Edward Johnson, Sr., of Charles E. Johnson, P.A., of Columbia, for Appellant.

Helen F. Hiser, of McAngus Goudelock & Courie, LLC, of Mount Pleasant, for Respondents.

**PER CURIAM:** Robert Evans, an employee at Aqua Seal, filed a claim against Aqua Seal Manufacturing and Roofing and Builder Mutual Insurance Company (collectively, Aqua Seal) arguing he suffered a heat-related injury and aggravation of a pre-existing condition while working on the roof of a building when the temperature exceeded 100 degrees Fahrenheit. He appeals the Appellate Panel of

the Workers' Compensation Commission's (the Appellate Panel's) order denying and dismissing his claim with prejudice. On appeal, Evans argues the Appellate Panel erred because its order was not supported by substantial evidence in the record.

We hold substantial evidence supports the Appellate Panel's ruling Evans failed to prove he suffered an injury by accident or an aggravation of a pre-existing condition and affirm pursuant to Rule 220(b), SCACR. *See Transportation Ins. Co. & Flagstar Corp. v. S.C. Second Injury Fund*, 389 S.C. 422, 427, 699 S.E.2d 687, 689-90 (2010) ("[An appellate court] can modify the commission's decision . . . only if the [appellant's] substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."); *Shealy v. Aiken Cty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the Full Commission reached.").

First, evidence in the record supports the Appellate Panel's finding Evans failed to prove an injury by accident. *See* S.C. Code Ann. § 42-1-160 (2015) ("'Injury' and 'personal injury' mean only injury by accident arising out of and in the course of employment and shall not include a disease in any form, except when it results naturally and unavoidably from the accident . . . ."); *S.C. Second Injury Fund v. Liberty Mut. Ins. Co.*, 353 S.C. 117, 126, 576 S.E.2d 199, 204 (Ct. App. 2003) ("The burden lies with the claimant to demonstrate causation by a preponderance of the evidence."). At the hearing before the single commissioner, the deposition of Evans's doctor, Dr. Dean Floyd, was presented; Dr. Floyd testified "no discrete moment can be determined when [Evans] suffered an injury," and Evans "had a heat-related illness which appear[s] to have resulted from a cauldron of chronic medical conditions . . . , medications[,] and repeated heat exposure." *See Grice v. Dickerson, Inc.*, 241 S.C. 225, 230, 127 S.E.2d 722, 725 (1962) ("The rule has been established in this State that 'when the testimony of medical experts is relied upon to establish causal connection between an accident and subsequent disability or death, in order to establish such, the opinion of the experts must be at least that the disability or death *most probably* resulted from the accidental injury.'" (quoting *Cross v. Concrete Materials*, 236 S.C. 440, 442, 114 S.E.2d 828, 829 (1960) (emphasis added)). Moreover, Evans had experienced debilitating heat-related episodes prior to the alleged June 3, 2016 incident. Specifically, he missed a week of work after a hospital visit for heat-related episodes in summer 2015. He sought medical treatment in February 2016 to prevent future heat-related episodes in

anticipation of higher summer temperatures.  Further, on June 3, he took steps to prevent a heat-related episode by placing ice around his limbs.  Therefore, Evans's June 3 heat-related incident was not accidental because it was not an unlooked for event, and he could have anticipated it due to his past experiences.  *See Capers v. Flautt*, 305 S.C. 254, 256, 407 S.E.2d 660, 661 (Ct. App. 1991) ("The word 'accident' has been applied by our courts in the workers' compensation context to mean an 'unlooked for or untoward event that the injured person did not expect, design or intentionally cause.'" (quoting *Linnen v. Beaufort Cty. Sheriff's Dept.*, 305 S.C. 341, 408 S.E.2d 248 (Ct. App. 1991))); *Capers*, 305 S.C. at 256, 407 S.E.2d at 661-62 (holding there was enough information in the record to support the conclusion the contact dermatitis experienced by Capers was not accidental because he had been aware of the situation for several years and had previously left a job due to the same problem.  Thus, the dermatitis outbreak he suffered was not an unlooked for event Capers did not expect; rather, it was an event he could anticipate due to his past experiences).  Thus, substantial evidence in the record supports the Appellate Panel's finding Evans failed to prove he suffered an injury by accident on June 3.

Second, the evidence in the record supports the Appellate Panel's finding Evans did not suffer a compensable aggravation of a pre-existing condition.  *See* S.C. Code Ann. § 42-9-35 (2015) (stating when a claimant alleges aggravation of a pre-existing condition, the claimant "shall establish by a preponderance of the evidence, including medical evidence, that the subsequent injury aggravated the pre[-]existing condition . . . .").  Dr. Floyd did not testify Evans suffered an aggravation of a pre-existing condition, and Evans presented no other evidence the rhabdomyolysis was pre-existing.  Further, Evans knew working in the heat resulted in significant health issues as evidenced by his hospital visit and missed week of work in 2015, going home early the two days before June 3 due to cramping, and packing ice around his limbs to prevent a heat-related episode on June 3.  *See Havird v. Columbia YMCA*, 308 S.C. 397, 399-400, 418 S.E.2d 329, 330-31 (Ct. App. 1992) (holding the applicant did not prove he suffered a compensable aggravation of a pre-existing condition because he knew his work activities would worsen his condition).  Therefore, the evidence supports the Appellate Panel's finding Evans did not prove he suffered a compensable aggravation of a pre-existing condition.  Based on the foregoing, we affirm the Appellate Panel's order.

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**HUFF, THOMAS, and MCDONALD, JJ., concur.**